IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS, SPRINGFIELD DIVISION

| | | |
|---|---|---|
| MARJORIE R. BRAUCHER, Individually, and as Special Administrator of the Estate of GEORGIA BRAUCHER, Deceased, | ) ) ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | No. 07-CV-3253 |
| SWAGAT GROUP, LLC., et al., | ) ) | |
| Defendants. | ) | |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiff Marjorie R. Braucher's Motion to Adjudicate Medicare Lien and Approve Settlement Distribution (d/e 161) (Motion to Adjudicate Medicare Lien), and United States' Motion to Intervene (d/e 168) (Motion to Intervene). For the reasons set forth below, the Court finds that it lacks jurisdiction to adjudicate the Medicare lien until Braucher exhausts the administrative process. The Motion to Adjudicate Medicare Lien therefore is denied with leave to refile once the administrative process has been completed. The Motion to Intervene is denied as moot at this time.

## STATEMENT OF FACTS

Defendant Swagat Group, LLC (Swagat), operated a Comfort Inn motel in Lincoln, Illinois. In February 2006, Marjorie Braucher's mother, Georgia Braucher, stayed at the Comfort Inn and shortly thereafter began suffering from Legionnaires' Disease and died. Marjorie Braucher then brought this action. Marjorie Braucher brought a Wrongful Death Act claim and a Survival Act claim. Complaint at Law (d/e 1), Counts I and II.

Swagat had no insurance coverage to defend the action. See Plaintiff's Response to United States Memorandum in Support of Intervention (d/e 170), at 2. Swagat ultimately sold the motel and used the proceeds from the sale to settle this case and a companion case brought by another person who contracted Legionnaires' Disease. See Leiser v. Swagat Group, LLC, Case No. 07-3254, Stipulation of Dismissal entered February 3, 2011. Under the terms of the settlement, Swagat paid $150,000.00 (Fund) to settle the Wrongful Death Act claim brought by Marjorie Braucher. Marjorie Braucher dropped the Survival Act claim before the settlement was completed. Minute Entry entered August 24, 2010. Swagat paid the Fund into the Court pursuant to court order. Order entered September 27, 2010 (d/e 159).

On November 9, 2010, Braucher filed the Motion to Adjudicate Medicare Lien. On November 26, 2010, the Medicare Secondary Payer Recovery Contractor (MSPRC) sent a demand letter to Braucher for $26,925.39 to repay part of the funds that Medicare paid for Georgia Braucher's medical bills before her death.[1] United States' Memorandum in Support of Intervention (d/e 169), Exhibit 1, Demand Letter, at 1. The Demand Letter also notified Marjorie Braucher of her administrative appeal rights. Demand Letter, at 3. Marjorie Braucher's attorney filed a timely appeal on her behalf. United States' Memorandum in Support of Intervention (d/e 169), Exhibit 2, Letter dated December 8, 2010, That administrative appeal is pending.

ANALYSIS

The United States asks the Court to dismiss the Motion to Adjudicate Medicare Lien for lack of jurisdiction, or in the alternative, allow the United States to intervene. This Court agrees that it lacks jurisdiction to determine Medicare's interest in the Fund until Marjorie Braucher completes the administrative process.

---

[1] According to the Demand Letter, Medicare paid a total of $70,262.38 in medical benefits. MSPRC reduced the amount of the demand to reflect a proportionate share of the attorney fees and costs incurred to recover the settlement. Demand Letter, at 2.

After Medicare has paid any medical bills for a beneficiary, it is entitled to reimbursement from any other insurance (including a self-insured business) that is subsequently determined to be liable to pay the beneficiary's medical bills. 42 U.S.C. § 1395y(b)(2)(B).[2] MSPRC, on behalf of Medicare, asserted a right, through the Demand Letter, to recover a portion of the Fund to repay part of the medical expenses that it covered for Georgia Braucher. This Court lacks jurisdiction to review MSPRC's claim for part of the Fund except through judicial review of the final administrative decision. 42 U.S.C. §§ 405(g), 405(h), 1395ii, and 1395ff(b)(1)(A); Fanning v. United States, 346 F.3d 386, 401-03 (3$^d$ Cir. 2003); Cochran v. U.S. Health Care Financing Admin., 291 F.3d 775, 779 (11th Cir. 2002); Buckner v. Heckler, 804 F.2d 258, 259 (4th Cir. 1986). Marjorie Braucher's administrative appeal of the MSPRC claim is pending. She must complete the administrative process. If she is unsuccessful, she may seek this Court's review of the final administrative decision pursuant to 42 U.S.C. §§ 405(g) and 1395ff(b)(1)(A). Until then, this Court lacks jurisdiction to resolve Medicare's claim.

Marjorie Braucher relies heavily on a recent Eleventh Circuit decision, Bradley v. Sebelius, 621 F.3d 1330 (11th Cir. 2010). The Bradley case,

---

[2]A business is considered to be self-insured if it does not have insurance to cover the liability. 42 U.S.C. § 1395y(b)(A)(ii).

however, came to federal court in an action for judicial review <u>after</u> there was a final administrative decision. <u>Id.</u>, at 1335. The district court in <u>Bradley</u>, thus, had jurisdiction to review the final administrative decision pursuant to §§ 405(g) and 1395ff. Marjorie Braucher has not yet secured a final administrative decision. Until she does, this Court lacks jurisdiction to resolve the Medicare lien claim.

Marjorie Braucher argues that this Court has jurisdiction because Medicare has no interest in the Fund. Swagat paid the Fund to settle Marjorie Braucher's wrongful death claim. A Wrongful Death Act claim in Illinois compensates surviving family members for the losses they suffered personally as a result of the death of the family member. 740 ILCS 180/2; <u>Johnson v. Provena St. Therese Medical Center</u>, 334 Ill.App.3d 581, 589, 778 N.E.2d 298, 305 (Ill.App.2nd Dist. 2002). Thus, Swagat paid the Fund to settle claims for the losses the next of kin suffered as a result of Georgia Braucher's death.

A Survival Act claim can be brought on behalf of the estate of the decedent to seek compensation for the personal injuries suffered by the decedent prior to her death. 755 ILCS 5/27-6. Marjorie Braucher dropped the Survival Act claim before the settlement was completed. According to Marjorie Braucher, therefore, Swagat did not pay the Fund to compensate

Georgia Braucher's estate on the Survival Act claim. Hence, Swagat did not pay the Fund to compensate for the medical expenses that Georgia Braucher incurred prior to her death. Because Swagat did not pay the Fund to compensate for medical expenses, Medicare is not entitled to any reimbursement from the Fund for medical expenses. The Fund only exists, under the terms of the Settlement, to compensate Georgia Braucher's next of kin for the losses they suffered personally due to the death of their relative. Therefore, Marjorie Braucher argues that Medicare has no interest in the Fund.

Whatever the merit to Marjorie Braucher's argument, her position does not avoid the jurisdictional problem. Her argument necessarily requires the Court to determine that MSPRC is incorrect in its assertion to a right to reimbursement from the Fund. This Court can only review MSPRC's claim for reimbursement in a judicial review proceeding brought under 42 U.S.C. §§ 405(g) and 1395ff(b)(1)(A). The Court otherwise lacks jurisdiction to make that determination. 42 U.S.C. §§ 405(h) & 1395ii. Marjorie Braucher must exhaust her administrative remedies before the Court can hear the matter under §§ 405(g) and 1395ff(b)(1)(A). <u>Fanning v. United States</u>, 346 F.3d at 391. The Court, therefore, lacks jurisdiction at this time.

WHEREFORE, Braucher's Motion to Adjudicate Medicare Lien and Approve Settlement Distribution (d/e 161) is dismissed for lack of jurisdiction, with leave to refile after exhausting administrative remedies. The United States' Motion to Intervene (d/e 168) is denied as moot. The Clerk will retain the Fund until further order of this Court.

ENTER: March 3, 2011

*s/ Byron G. Cudmore*
BYRON G. CUDMORE
UNITED STATES MAGISTRATE JUDGE